IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01201-MSK-KLM

LEROY HARRIS, JR., and
DENVER LINCOLN LIMOUSINE, INC., a Colorado corporation,

   Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
W. BAISDEN, in his individual and official capacities, and
JOHN DOE # 1, in his individual and official capacities,

   Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion for Protective Order to Stay Discovery Pending Resolution of Their Motion to Dismiss** [Docket No. 27; Filed July 28, 2011] (the "Motion to Stay"). Defendants ask the Court to stay discovery in this case until after District Judge Marcia S. Krieger has ruled on their pending Motion to Dismiss [Docket No. 25]. On August 22, 2011, Plaintiff filed a Response [Docket No. 39] in opposition to the Motion.[1] For the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** the Motion.

---

[1] Pursuant to D.C.COLO.LCivR 7.1C, a judicial officer may rule on a motion at any time after it is filed.

**Procedural Background**

Plaintiffs initiated this lawsuit on May 4, 2011, pursuant to 42 U.S.C. § 1983 [Docket No. 1]. Plaintiffs filed a First Amended Complaint and Jury Demand on June 10, 2011, which is the governing pleading [Docket No. 19]. The facts of this matter arise from an incident on November 10, 2009, when Plaintiff Harris, a chartered vehicle driver, was waiting at a curb near his vehicle at the Denver International Airport ("DIA"), where he intended to pick up a customer. Plaintiffs allege that the John Doe defendant, a DIA Ground Transportation agent, and Officer Baisden, a Denver Police Department officer, harassed Plaintiff Harris on the basis of his race, issued a citation against him, and proceeded to impound the vehicle. Plaintiffs present four claims for relief: 1) violation of Plaintiff Harris' rights pursuant to the Fourth and Fourteenth Amendments against all defendants, for monetary relief; 2) violation of both Plaintiffs' federal liberty interests against all defendants, for monetary and injunctive relief; 3) violation of both Plaintiffs' rights pursuant to the Dormant Commerce Clause against all defendants, for monetary and injunctive relief; and 4) for declaratory judgment and injunctive relief regarding provisions related to a city driver's license as stated in the Denver Revised Municipal Code, also against all defendants. *See Am. Compl.*, Docket No. 19.

Defendants responded to Plaintiffs' Amended Complaint with a motion to dismiss on July 8, 2011 [Docket No. 25]. The motion to dismiss asserts several defenses. First, Defendants contend Plaintiffs fail to state a claim upon which relief can be granted. Second, Defendants assert an entitlement to qualified immunity on behalf of the individual defendants. Last, Defendants argue that Plaintiffs do not establish that the municipal defendant has a custom or policy implicating constitutional violations. Defendants request

that Plaintiffs' case be dismissed in its entirety.

Defendants filed the Motion at hand on the same date as their motion to dismiss. Defendants aver that because the defense of qualified immunity is pending in the motion to dismiss, the Court should stay all discovery. *Motion*, Docket No. 27 at 3. In addition to the law regarding qualified immunity and discovery, Defendants cite to *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006) in support of their position. *Id.* at 4-5. Defendants argue that the five factors articulated in *String Cheese Incident* weigh in favor of imposing a stay.

Plaintiffs oppose the request for a stay [Docket No. 39]. Plaintiffs contend that the only defendant that could appropriately bring the qualified immunity defense is Officer Baisden, and the defense (and its protections) does not apply to the municipal defendant or its divisions implicated by the suit. *Response*, Docket No. 39 at 1. Additionally, Plaintiffs believe their requests for injunctive and declaratory relief render the law governing stays in the context of qualified immunity inapplicable to the facts in this matter. *Id.* at 2. Plaintiffs assert that because the issues in this case are mixed as to entity and individual defendants, individual and official capacities, and monetary and injunctive relief, a stay is not appropriate or efficient. *Id.* at 5. Plaintiffs suggest that the *String Cheese Incident* factors weigh against the imposition of a stay. *Id.* at 6-7.

**Analysis**

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this

District." (citation omitted)). *See also Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,'

but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted). The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

However, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) claims against individual governmental officials in their individual capacities, not their official capacities. *Rome*, 225 F.R.D. at 643 (citations omitted). Accordingly,

IT IS HEREBY **ORDERED** that discovery related to Plaintiff's claims seeking declaratory and injunctive relief from Defendant City and County of Denver may proceed pursuant to the Federal Rules of Civil Procedure.

IT IS FURTHER **ORDERED** that all discovery related to Plaintiff's claims against Defendants Baisden and Doe in their individual capacities for monetary damages is **STAYED** pending resolution of the motion to dismiss [#25].

With respect to Plaintiff's claims for declaratory and injunctive relief from Defendants Baisden and Doe in their official capacities, the Court finds that it is most appropriate at this early stage of litigation to require Plaintiffs to obtain information related to these claims by seeking discovery only from the municipal defendant. Accordingly,

IT IS FURTHER **ORDERED** that all discovery related to Plaintiff's claims against

Defendants Baisden and Doe in their official capacities is **STAYED** pending resolution of the motion to dismiss [#25].

**In summary, all discovery is stayed pending resolution of the motion to dismiss [#25] with the exception of discovery related to Plaintiff's claims seeking declaratory and injunctive relief from Defendant City and County of Denver.**

DATED: August 25, 2011 at Denver, Colorado.

BY THE COURT:

  s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge