IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01201-MSK-KLM

LEROY HARRIS, JR., and
DENVER LINCOLN LIMOUSINE, INC., a Colorado corporation,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
W. BAISDEN, in his individual and official capacities, and
JOHN DOE # 1, in his individual and official capacities,

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant W. Baisden's Motion for Protective Order to Stay or Limit Discovery Pending Resolution of His Motion for Summary Judgment** [Docket No. 45; Filed March 5, 2012] (the "Motion to Stay").  Defendant Baisden asks the Court to stay discovery as to the remaining claim against him until after the District Judge has ruled on his pending Motion for Summary Judgment (filed jointly with Defendant City and County of Denver) [#45].  Defendant Baisden represents that Plaintiffs oppose the relief requested.[1]  For the reasons set forth below and in the Order granting in part Defendants' previously filed motion to stay [#40], the Court **GRANTS** the Motion.

On August 25, 2011, the Court granted in part a stay of discovery, pending the District Judge's adjudication of a previously filed motion to dismiss [#40].  The Court

---

[1] Pursuant to D.C.COLO.LCivR 7.1C., a judicial officer may rule on a motion at any time after it is filed.

recognized that questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted). The Court noted its obligation to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

However, the Court further explained that an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) claims against individual governmental officials in their individual capacities, not their official capacities. *Rome*, 225 F.R.D. at 643 (citations omitted). The Court thus stayed all discovery related to Plaintiff's claims against Defendant Baisden in his individual capacity for monetary damages as well as in his official capacity, because any discovery directed to Defendant Baisden in his official capacity would be properly directed to Defendant City and County of Denver. [#40] at 5-6.

There is no reason to deviate from the Court's prior Order. The District Judge granted in part the motion to dismiss on January 30, 2012 [#42]. The only remaining claim against Defendant Baisden is Plaintiff's first claim for relief pursuant to the Fourth Amendment. Defendant Baisden answered the remaining claim on February 10, 2012 [#43], then filed a motion for summary judgment asserting the defense of qualified immunity [#44]. In light of the Court's above-stated obligation to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings," the Court finds that a stay of discovery as to Defendant Baisden is proper, pending the disposition of his motion for summary judgment. *See also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("Once a defendant pleads a defense of qualified immunity, 'on summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. Until this threshold immunity question is resolved, discovery should not be allowed.'"). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#45] is **GRANTED**. All discovery related to Plaintiff's remaining claim against Defendant Baisden is **STAYED** pending resolution of the motion for summary judgment [#44].

Dated: March 6, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge